# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 28, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BARBARA WOODRUFF, WIDOW OF
JACK L. WOODRUFF,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1351**  (BOR Appeal No. 2047256)
                            (Claim No. 2007212962)

**ALCAN ROLLED PRODUCTS – RAVENSWOOD, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Barbara Woodruff, widow of Jack Woodruff, by Robert Williams, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alcan Rolled Products – Ravenswood, LLC, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 24, 2012, in which the Board affirmed a May 18, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 9, 2007, decision denying Ms. Woodruff's request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Woodruff filed a claim for dependent's benefits following the October 7, 2006, death of her husband, Jack. Prior to his death, the decedent underwent extensive treatment for multiple myeloma and he was determined to be in the final stages of this disease on October 2, 2006, five days before the date of his death. On July 3, 2007, the Occupational Pneumoconiosis Board concluded that occupational pneumoconiosis was not a material contributing factor to the decedent's death, and further concluded that there was no evidence of a pleural or parenchymal

1

abnormality suggestive of the diagnosis of occupational pneumoconiosis. On August 9, 2007, the claims administrator denied Ms. Woodruff's application for dependent's benefits.

Donald Rasmussen, M.D., Dominic Gaziano, M.D., and Amit Shah, M.D., all opined that occupational pneumoconiosis materially contributed to the death of the decedent. Joseph Renn, M.D., found no evidence of occupational pneumoconiosis upon review of the decedent's medical record and concluded that the decedent's death resulted from a sudden cardiac tachyarrhythmia resulting in cardiac asystole. Raymond Weiss, M.D., concluded that the decedent died as a result of complications arising from progressive myeloma, which resulted in cardiac, as well as systemic, stress.

At a hearing on March 7, 2012, the Occupational Pneumoconiosis Board testified that the decedent's cause of death was multiple myeloma. The Occupational Pneumoconiosis Board noted that the decedent had received a presumptive lifetime permanent total disability award for occupational pneumoconiosis, but concluded that all of the radiographic evidence of record was negative for the presence of occupational pneumoconiosis. Finally, the Occupational Pneumoconiosis Board concluded that occupational dust exposure did not contribute to or hasten the decedent's death.

In its Order affirming the August 9, 2007, claims administrator's decision, the Office of Judges held that occupational pneumoconiosis did not materially contribute to the decedent's death. Ms. Woodruff disputes this finding and asserts that the evidence of record establishes that occupational pneumoconiosis materially contributed to her husband's death.

In *Bradford v. Workers' Compensation Commissioner*, Syl. Pt. 3, 185 W.Va. 434, 408 S.E.2d 13 (1991), this Court held that in order to establish entitlement to dependent's benefits, a claimant must show that an occupational disease or injury "contributed in any material degree to the death." Further, West Virginia Code § 23-4-6a (2005) states in part that "the Office of Judges shall affirm the decision of the Occupational Pneumoconiosis Board made following hearing unless the decision is clearly wrong in view of the reliable, probative and substantial evidence on the whole record."

The Office of Judges found that the reports of Drs. Renn and Weise and the testimony and conclusions of the Occupational Pneumoconiosis Board are persuasive. The Office of Judges then found that the evidentiary record clearly demonstrates that the decedent died as a result of multiple myeloma. The Office of Judges noted that the decedent's death certificate was not submitted into evidence, but found that Dr. Gaziano's report noted that the death certificate listed the cause of death as cardiopulmonary arrest, multiple myeloma, and chronic obstructive pulmonary disease. Finally, the Office of Judges noted that both Dr. Renn and Dr. Weiss opined that the decedent would have died in the same manner and at the same time regardless of any exposure to occupational dust hazards received in the course of his employment. The Board of Review reached the same reasoned conclusions in its decision of October 24, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 28, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II